IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL INDICTMENT |
| v. | : | NO. 1:11-CR-121-1-SCJ |
| | : | |
| MARK A. CONNER | : | |

GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION FOR STAY OF DETENTION ORDER

The United States of America, by and through its counsel, Sally Quillian Yates, United States Attorney, Northern District of Georgia, and Douglas W. Gilfillan and David M. Chaiken, Assistant United States Attorneys, respectfully submits this Response to Defendant Mark A. Conner's Motion for Stay of Detention Order, (Doc. 27).

After briefing by the parties and a hearing on March 30, 2011, this Court found that the conditions of release imposed by the Magistrate Judge in the Southern District of Florida were not sufficient to ensure Defendant's appearance and that the Court would enter a written order on the Government's appeal from the Magistrate Judge's pre-trial release order. (Doc. 23). At the hearing, the Court noted that it would consider any additional information that the parties wished to submit on possible conditions of release necessary to ensure Defendant's presence in

Court (the Court also offered Defendant an evidentiary hearing on the basis for the Government's detention motion, which Defendant declined).  Defendant has now asked the Court to stay entry of its written ruling to give Defendant more time to explore the availability of real time GPS monitoring and to continue litigating issues that the parties briefed and addressed before the Court at the March 30, 2011, hearing.

The Government respectfully requests that the Court order Defendant detained for trial for the reasons explained in its briefing and addressed at the hearing on this matter.  If and when Defendant has gathered additional information bearing on reasonable conditions of pre-trial release, Defendant can seek reconsideration of such Order, or, if the time for that has passed, file a motion seeking pre-trial release on the new proposed conditions.

Moreover, Defendant apparently seeks an indefinite or open-ended stay.  Defendant fails even to provide an estimate of how much time he will take to supplement the record or why such additional time is even required after the previous briefing and a hearing.  Nor does Defendant address the further delay inherent in giving the Government a reasonable opportunity to respond and address any new information submitted or proposed conditions of release.

Defendant is presently attempting to delay his removal from the Southern District of Florida pending this Court's resolution of the Government's Motion for Review of the Pretrial Release Order, (Doc. 10).  To the extent that the Court is going to order Defendant detained for trial, such an order will facilitate Defendant's removal to this district for litigation and trial on the merits.[1]

The Government is mindful, however, of the Court's invitation to submit additional information on the issues addressed at the March 30, 2011, hearing.  Accordingly, because Defendant is in custody and will remain so until this Court ultimately resolves the Government's Motion for Review of the Pretrial Release Order, (Doc. 10), the Government does not oppose a reasonable delay of a few more days to give Defendant an opportunity to address further whether any conditions of release can reasonably assure his appearance for trial.  The Government notes that Defendant does not offer any explanation for why yet

_____

[1] The Government also notes that Defendant continues to pretend that 18 U.S.C. § 3142(g)(2) does not exist in accusing the Government of impermissibly seeking to pre-try its case. That statute specifically provides that the "weight of the evidence against the person" is a factor for the Court to consider in deciding whether to release a defendant pre-trial. So to § 3142(g)(1), which makes "the nature and circumstances of the offense charged" - which in this case includes a 10 year mandatory minimum offense  - a factor for the Court to consider.

more time is needed to address matters that Defendant already
attempted to address in a 20 page brief with multiple exhibits,
(Doc. 20), and at the March 30, 2011, hearing.


    Respectfully submitted,

                  SALLY QUILLIAN YATES
                  UNITED STATES ATTORNEY

                  */S/Douglas W. Gilfillan*
                  DOUGLAS W. GILFILLAN
                  ASSISTANT UNITED STATES ATTORNEY
                  Georgia Bar No. 294713

                  */S/David M. Chaiken*
                  DAVID M. CHAIKEN
                  ASSISTANT UNITED STATES ATTORNEY
                  Georgia Bar No. 118618
                  600 U.S. Courthouse
                  75 Spring St., S.W.
                  Atlanta, GA  30303
                  (404) 581-6186
                  (404) 581-6181 (Fax)

<u>CERTIFICATE OF SERVICE</u>

This is to certify that the undersigned has this date electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney(s) of record:

Paul Monnin, Esq.
Benjamin Prevost, Esq.


This 4th day of April, 2011.


/s/DOUGLAS W. GILFILLAN
ASSISTANT UNITED STATES ATTORNEY

1