IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARK A. CONNER,<br><br>    Defendant | CRIMINAL ACTION<br><br><br>NO. 1:11-CR-121-1-SCJ |

**DEFENDANT MARK A. CONNER'S RESPONSE TO THE
GOVERNMENT'S MOTION FOR A SCHEDULING ORDER
<u>FOR THE RESOLUTION OF HIS PRIVILEGE CLAIMS</u>**

COMES NOW defendant Mark A. Conner, by and through his undersigned counsel, and responds to the government's Motion for a Scheduling Order for the Resolution of Defendant's Privilege Claims, (Doc. 62), stating as follows:

Contrary to the assertions in the government's motion, Mr. Conner has not refused to participate in a filter review of the documents seized by search warrant from a storage locker leased on Mr. Conner's behalf.  (*In re Search Warrant of Unit 1068, Located at Climatized Self Storage, 42 Sycamore Lane, Woodstock, GA 30188*, Criminal Action No. 1:11-MJ-457-JFK (N.D. Ga. March 25, 2011)). Rather, Mr. Conner timely reviewed the seized documents through counsel and is, in the main, prepared to assert applicable privileges related to those documents.

As the Court is aware, Mr. Conner objected to formalizing his privilege invocations based on the view that the issue of suppression, (*see* Doc. 58), should

EAST\45005009.1

be decided prior to the completion of a taint review.  In particular, the concern is that, because Mr. Conner is detained and therefore unavailable to assist counsel in identifying applicable privileges, it is more than conceivable that documents to which a privilege otherwise applies may not be identified as such due to defense counsel's lack of familiarity with their origin and substance.  In addition, because the volume of documents seized by the government – including litigation files and other document compilations that appear to have no connection to FirstCity Bank – is quite large, judicial determination of the scope of records lawfully seized by the government should precede investigation of the extent to which they are privileged.

In response, the government has asserted that, even assuming illegality of either issuance of the search warrant or the manner in which it was executed, it retains the right to examine non-privileged documents for purposes of using them as evidence in connection with the prosecution of Mr. Conner's alleged co-conspirators, who lack standing to contest their seizure.  (Doc. 62 at 4-5).  While the doctrine of "derivative standing" – whereby a defendant is permitted to object to the admission of evidence obtained in violation of the Fourth Amendment rights of a co-defendant – first announced in *McDonald v. United States*, 335 U.S. 451 (1948), has never been expressly invalidated, having now consulted relevant authority, Mr. Conner concedes that, provided such evidence is severed from his

trial, the government may use it in a collateral case. *See*, *e.g.*, *Alderman v. United States*, 394 U.S. 165 (1969) ("There is no necessity to exclude evidence against one defendant in order to protect the rights of another.  No rights of the victim of an illegal search are at stake when the evidence is offered against some other party."); *United States v. Graham*, 391 F.2d 439 (6th Cir. 1968) ("This is not to say, of course, that it will necessarily be possible to try jointly defendants who have standing and who have had the evidence suppressed against them and defendants who do not have standing and against whom this same evidence will be admitted").

      Accordingly, Mr. Conner has notified the government through counsel that he intends to complete the filter review of seized documents.  Mr. Conner expressly notes, however, that, to the extent his personal involvement is in good faith required to facilitate the assertion of relevant privileges (*i.e.*, with regard to the identification of counsel and/or subject matter giving rise to an attorney-client or work product relationship in relation to certain boxes where the nature of their contents may not otherwise be clear), he retains the right to request that the government to make these materials available for his personal inspection notwithstanding his pretrial detention.

| | |
|---|---|
| Dated:  June 24, 2011 | Respectfully submitted, |

By: /s/ Donald F. Samuel  
Edward T. M. Garland  
Donald F. Samuel  
Georgia Bar No. 624475  
Garland, Samuel & Loeb  
3151 Maple Drive, N.E.  
Atlanta, Georgia 30305  
Telephone:  (404) 262-2225  
Facsimile:   (404) 365-5041  
etg@gsllaw.com  
dfs@gsllaw.com  

*Attorneys for Defendant*  
*Mark A Conner*

By: /s/ Paul N. Monnin  
Paul N. Monnin  
Georgia Bar No. 516612  
James M. Rusert  
Georgia Bar No. 751507  
DLA PIPER LLP (US)  
One Atlantic Center  
1201 West Peachtree Street, Suite 2800  
Atlanta, Georgia  30309-3450  
Telephone:(404) 736-7800  
Facsimile:  (404) 682-7800  
paul.monnin@dlapiper.com  
james.rusert@dlapiper.com  

*Attorney for Defendant Mark A. Conner*

## **LOCAL RULE 7.1D CERTIFICATE**

The undersigned hereby certifies that the foregoing has been formatted in Times New Roman font, 14-point type, which complies with the font size and point requirements of Local Rule 5.1B.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this date a copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

Dated:  June 24, 2011                                    By: /s/ Paul N. Monnin
                                                                             Paul N. Monnin